UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                        :

**LISA A. MCQUEEN-STARLING**,        :

                        :

            Plaintiff,      :   **ORDER**

                        :

        – against –       :   24-CV-4763 (AMD) (LB)

                        :

**KELAMY LLC**,                  :

                        :

            Defendant.    :

-------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 9, 2024, the *pro se* plaintiff filed a complaint challenging a state court foreclosure proceeding on a property located at 191 Albany Avenue, North Babylon, New York 11704.  (ECF No. 1.)[1]  The plaintiff seeks to dismiss the foreclosure action and to stay a warrant of eviction issued against her.  (*Id.*)  The plaintiff also moved for an order to show cause to stay the foreclosure and eviction proceedings (ECF No. 3); the Court denied the motion on July 10, 2024 (*ECF Order dated July 10, 2024*).  The Court grants the plaintiff's application to proceed *in forma pauperis*.  (ECF No. 2.)  For the following reasons, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On September 25, 2003, the plaintiff "acquired ownership of the property" located at 191 Albany Avenue, North Babylon, New York 11704.  (ECF No. 3 at 3.)  She alleges that the defendant "initiated a foreclosure and eviction action[,] . . . which is improper and illegal under

---

[1] The warrant of eviction was issued against her in a landlord-tenant holdover proceeding in the Suffolk County Second Department District Court (Index No. LT-000239-24/BA).  (ECF No. 3 at 3.)

the provisions of [the] New York State Foreclosure Abuse Prevention Act (FAPA)" (ECF No. 1 at 5), but she provides no other information about the foreclosure action against her.  She asserts violations of the First Amendment and the equal protection clause of the Fourteenth Amendment, and cites the Bill of Rights and the phrase "Life, Liberty and Pursuit of Happiness" from the Declaration of Independence.  (*Id.* at 4.)  The plaintiff includes a copy of a warrant of eviction issued on May 2, 2024, as well as a copy of a 14-day eviction notice issued on June 20, 2024. (ECF No. 3 at 10–11.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),[2] a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B).  In addition, lack of subject matter jurisdiction cannot be waived and may be

---

[2] *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

raised at any time by a party or by the court *sua sponte. See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). Further, "[w]hile *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veteran Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (citation omitted).

## DISCUSSION

The plaintiff asks the Court to review a matter "aris[ing] out of a landlord-tenant dispute over which the federal courts simply ha[s] no jurisdiction." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005); *see also Johnson v. Ikezi*, No. 20-CV-2792, 2021 WL 1091910, at *2 (E.D.N.Y. Mar. 22, 2021) (collecting cases); *Bey v. Jones*, No. 19-CV-2577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("The Court lacks federal question jurisdiction over [the plaintiff's] state law claims in this landlord-tenant matter."); *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) ("Federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters.").

Moreover, the Court does not have subject matter jurisdiction over state court foreclosure actions. *See, e.g.*, *Worthy-Pugh v. Deutsche Bank Nat'l Trust*, 664 F. App'x 20, 21 (2d Cir. Oct. 18, 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *see also Haziz-Ramadhan v. Specialized Loan Serv., LLC*, No. 23-CV-8900, 2024

3

WL 896837, at *4 (E.D.N.Y. Mar. 1, 2024) (no federal question jurisdiction over state court foreclosure proceedings); *Hung v. Hurwitz*, No. 17-CV-4140, 2017 WL 3769223 at *2 (E.D.N.Y. Aug. 29, 2017) ("To the extent Plaintiffs seek to have the Court intervene in their dispute with Defendants regarding any foreclosure, the Court is without jurisdiction to grant Plaintiffs the relief they seek."); *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233 (E.D.N.Y. Mar. 30, 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud).

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."  *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-3369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)).  While the plaintiff cites the First Amendment, the equal protection clause of the Fourteenth Amendment, the Bill of Rights, and the phrase "Life, Liberty and Pursuit of Happiness" from the Declaration of Independence, she does not explain how they apply, or why this Court has jurisdiction to hear her claims.  Because a liberal reading of the complaint does not permit a finding that it presents an issue of federal law, the complaint must be dismissed.  *See Milgros Castro v. Abhi Realty*, No. 18-CV-7093, 2019 WL 2870065, at *3 (E.D.N.Y. July 2, 2019).

**CONCLUSION**

For the reasons set forth above, the plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).[3]  The plaintiff's request for preliminary injunctive relief is denied.

The Court has construed the complaint liberally, and considered whether to grant the plaintiff leave to amend the complaint, but finds that amendment would be futile.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court's decision to dismiss complaint without leave to amend where amendment would be futile).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of the judgment and this order to the *pro se* plaintiff, note the mailing on the docket, and close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        July 15, 2024

---

[3] In addition, the plaintiff also does not plead facts to establish diversity jurisdiction under 28 U.S.C. § 1332.  *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").